UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH NEWMAN, as Personal
Representative of the Estate of
ALLISON NEWMAN, Deceased,       No. 07-10158

                                District Judge Gerald E. Rosen
            Plaintiff,
                                Magistrate Judge R. Steven Whalen
v.

LUTHERAN SOCIAL SERVICES, et.al.,

            Defendants.
_____/

**ORDER**

Before the Court is Defendants' Motion to Compel Answers to Interrogatories and Quash Objection to Subpoena [Docket #28]. Defendants seek to obtain counseling/treatment records of Anne Hirsch, the decedent's mother and former personal representative of the estate, from Salvation Army-Harbor Light Center. Plaintiff objects to the subpoena of these records on grounds of privilege and relevance.

On October 9, 2007, the Court took this motion under advisement pending an *in camera* review of the records. *See* Docket #37. On November 19, 2007, substitute counsel filed an appearance on behalf of Plaintiff. On December 17, 2007, the Court conducted further oral argument on this motion, and, in fact, the disputed records were produced for *in camera review* following Ms. Hirsch's execution of a waiver.

**A.   Interrogatories**

-1-

Having reviewed the disputed interrogatories and the answers thereto, the Court finds that the answers are sufficient. The request to compel supplemental answers is DENIED.

### B. Anne Hirsch's Counseling Records

The principal question is whether these records are relevant to any claim Ms. Hirsch has under Michigan's wrongful death statute, M.C.L. §600.2922. That statute provides that as an heir, she may recover damages, including damages for loss of society and companionship. Defendants argue that if Ms. Hirsch was non-compliant with court-ordered treatment for drug addiction–a condition for regaining any parental rights–this would be relevant to the alleged diminished value she placed on her relationship with her daughter, and hence would reduce any claimed damages for loss of companionship.

Relevant evidence is defined as that which has the tendency to make the existence of any fact of consequence more probable *or* less probable. F.R.E. 401. Thus, the Defendants would have to agree that Ms. Hirsch's treatment records are also relevant if they support, rather than refute her claim for damages.[1]

The Court has now had the opportunity to review Ms. Hirsch's voluminous records from Harbor Light, and finds that they are relevant to, and would support a claim for damages under the wrongful death statute. Therefore, Defendants' motion to quash the objection to the subpoena for the records is GRANTED. Further, the records shall be

---

[1] The Court also agrees with Defendants that these counseling records are not protected by the physician-patient privilege, or any other recognized federal privilege. Nevertheless, the Court will impose a protective order, as set forth below.

disclosed to the Defendants and the Plaintiff, as follows:

1. Within 7 days of the date of this Order, counsel for Defendants shall retrieve the records from the chambers of the undersigned Magistrate Judge.

2. Within 3 days thereafter, counsel for Defendants shall provide a complete copy of the records to counsel for Plaintiff.

3. The parties are prohibited from using or disclosing the records, or information contained therein, for any purpose other than this litigation.

4. The parties are required to destroy the records at the end of the litigation.

SO ORDERED.

S/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: March 10, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 10, 2008.

S/G. Wilson  
Judicial Assistant