UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH NEWMAN, personal
representative of the Estate of
ALLISON NEWMAN, deceased,

        Plaintiff,                       No. 07-CV-10158-DT

vs.                                        Hon. Gerald E. Rosen

CHILDTIME CHILDCARE, INC.,

        Defendant.
_____/

MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FO RECONSIDERATION, CLARIFICATION AND
CERTIFICATION FOR INTERLOCUTORY APPEAL

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     September 8, 2008

        PRESENT:  Honorable Gerald E. Rosen
                           United States District Judge

## I. INTRODUCTION

Plaintiff's decedent, Allison Newman, died while in the custody of her foster mother, Carol Ann Poole. Approximately two months before Allison's death, teachers at Childtime Childcare, Inc. ("Childtime"), Allison's day care center, saw scratches and bruises on her body when changing her diaper. The teachers who noticed these scratches and bruises reported them to Childtime's director, Jacqueline Hadwin, but their concerns were never documented or reported to the Department of Human Services or Child

1

Protective Services as required under Michigan's Child Protection Law. Allison's foster mother was ultimately criminally convicted of second degree murder and first degree child abuse for her role in Allison's death. Ms. Hadwin, however, was acquitted on the criminal charges brought against her for her failure to report suspected abuse.

Allison's grandmother thereafter initiated this civil action against Allison's foster parents, Carol Ann and Alan Poole, Lutheran Social Services, the foster care agency responsible for the placement of Allison with the Pooles, two of the agency's employees, and Childtime Childcare. The case has been settled with all of the Defendants except Childtime.

On May 15, 2008, Plaintiff filed a Motion for Partial Summary Judgment seeking a declaratory judgment finding that the Michigan Child Protection Law (the "CPL") prohibits a comparative allocation of civil liability as called for under the Michigan Tort Reform Act (the "MTRA") between the violator of the CPL reporting requirements and the perpetrator of child abuse or neglect. On August 1, 2008, this Court entered an Opinion and Order denying Plaintiff's Motion.

Plaintiff thereafter filed the instant "Motion for Reconsideration, Clarification and Certification for Interlocutory Appeal" of the Court's August 1, 2008 decision.

## II. DISCUSSION

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(g), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not

> grant motions for rehearing or reconsideration that merely present the same
> issues ruled upon by the court, either expressly or by reasonable
> implication. The movant must not only demonstrate a palpable defect by
> which the court and the parties have been misled but also show that
> correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Therefore, in order to prevail on their motion for reconsideration, Defendants must not only demonstrate a palpable defect by which the Court has been misled, they must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g). On the other hand, the Court need not consider issues raised for the first time in a motion for reconsideration that could and should have been raised previously. *Wardle v. Lexington-Fayette Urban County Government*, 45 Fed. Appx. 505, 511 (6th Cir. 2002). Furthermore, motions for reconsideration "cannot. . . be employed as a vehicle to introduce new evidence that could have been adduced during the pendency [of the motion on which the court ruled.]" *Marketing Displays, Inc. v. TraFix Devices, Inc.*, 971 F. Supp. 262, 281 (E.D. Mich. 1997), citing *Publishers Res., Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

The Sixth Circuit has instructed that if a party files a motion for reconsideration within ten days of entry of the challenged order or judgment, the review of such a motion

> grant motions for rehearing or reconsideration that merely present the same
> issues ruled upon by the court, either expressly or by reasonable
> implication. The movant must not only demonstrate a palpable defect by
> which the court and the parties have been misled but also show that
> correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Therefore, in order to prevail on their motion for reconsideration, Defendants must not only demonstrate a palpable defect by which the Court has been misled, they must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g). On the other hand, the Court need not consider issues raised for the first time in a motion for reconsideration that could and should have been raised previously. *Wardle v. Lexington-Fayette Urban County Government*, 45 Fed. Appx. 505, 511 (6th Cir. 2002). Furthermore, motions for reconsideration "cannot. . . be employed as a vehicle to introduce new evidence that could have been adduced during the pendency [of the motion on which the court ruled.]" *Marketing Displays, Inc. v. TraFix Devices, Inc.*, 971 F. Supp. 262, 281 (E.D. Mich. 1997), citing *Publishers Res., Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

The Sixth Circuit has instructed that if a party files a motion for reconsideration within ten days of entry of the challenged order or judgment, the review of such a motion

should be the same as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). *See Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). A court may grant a Rule 59(e) motion to alter or amend a judgment based upon: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

In her Motion for Reconsideration and/or Clarification in this case, Plaintiff suggests that due to her "lack of clarity in drafting her arguments" or possibly the discussion of proximate cause in Defendant's response, the Court misconstrued her arguments as seeking to "nullify the MTRA or to avoid the requirement of proximate cause." This, Plaintiff contends, was not what she was arguing and, therefore, palpable defects in the Court's Opinion and Order resulted. Plaintiff states that she is not arguing that the MTRA is inapplicable nor that proximate cause is inapplicable. "Instead, Plaintiff is arguing that after applying both the proximate cause requirement in the CPL and the MTRA provisions as set forth in *Kaiser v. Allen*, 480 Mich. 31, 746 N.W.2d 92 (2008),[1] the CPL will only retain validity if the liability of the CPL non-reporter is in no

---

[1] The Court assumes that Plaintiff cites *Kaiser* only because the relevant allocation of fault and apportionment of damages provisions of the MTRA are quoted in that case. The holding in *Kaiser*, however, is inapplicable here. *Kaiser* involved only the question of whether the allocation-of-fault provisions of the MTRA applied in vicarious liability cases. In *Kaiser*, the Michigan Supreme Court held that the basis for a vicariously liable vehicle owner's liability is entirely derivative of the automobile operator's negligence and does not meet the MTRA's statutory definition of "fault" because the owner of the vehicle does not need to be the proximate cause of the plaintiff's

4

way impeded by the liability of the perpetrator of the abuse." [Plaintiff's Reconsideration Brief, pp. 4-5.]

Plaintiff's argument as presented in her Motion for Reconsideration is merely another way of stating the argument as the Court previously construed it in its original Opinion and Order -- i.e., that the MTRA apportionment of damages provisions should not apply to Plaintiff's claims against Childtime, the CPL non-reporter in this case. Plaintiff's present Motion, therefore, merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication. Therefore, reconsideration will not be granted.

To accept Plaintiff's argument, the Court would have to read into the CPL some kind of implicit policy-based prohibition against the application of the MTRA, or read into the MTRA some exclusion for actions arising under the CPL. Fundamental rules of statutory construction prohibit such a request. As the Michigan Supreme Court stated in *Roberts v. Mecosta Co. Gen. Hosp.*, 466 Mich. 57, 642 N.W.2d 663 (2002),

> An anchoring rule of jurisprudence, and the foremost rule of statutory construction, is that courts are to effect the intent of the Legislature. To do so, we begin with an examination of the language of the statute. If the statute's language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written. A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.

---

injuries to be held liable for them. As a result, the Court determined that the MTRA's apportionment of damages provisions do not apply to vehicle-owner vicarious-liability cases. In this case, "vicarious" liability is not involved.

*Id.* at 63 (Citations omitted.)

The language of both the CPL and the MTRA is clear. Nothing in the plain language of CPL suggests that the MTRA does not apply to causes of action under that statute. Furthermore, the plain language of the MTRA states that in any action based on tort or "another legal theory" seeking damages for wrongful death, the liability of each person *shall be allocated* in direct proportion to the person's percentage of fault, and the percentages of fault are to be determined based upon the nature of the conduct of each person and the extent of the causal relation between the conduct and the damages claimed. *See* M.C.L. §§ 600.2957 & 600.6304. There can be no doubt that a statutory action, such as one brought under the CPL, constitutes a "legal theory" for purposes of the MTRA. *See e.g., Hill v. Sacka,* 256 Mich. App. 443, 454, 666 N.W.2d 282 (2003); *Robrahn v. RFN Group, Inc.*, 2006 WL 509772 at * 10 (Mich. App. 2006).

Plaintiff's argument in this case is the same argument made by the plaintiff in *Robrahn*. In *Robrahn*, the plaintiff brought a premises liability and Dramshop Act action against a bar and a bar patron after the defendant patron, who was intoxicated, punched and assaulted him, resulting in a brain bleed, skull fracture and cranial nerve damage.[2] The trial court entered judgment on jury verdict in favor of the plaintiff which found the defendant patron liable for 60 percent of plaintiff's damages, $1,117,949.63, and the bar

---

[2] The Dramshop Act, M.C.L. § 436.1801, provides a cause of action against a dramshop that sells alcohol to a visibly intoxicated person where that sale is a proximate cause of the injuries sustained by the plaintiff.

liable for 40 percent of the damages, or $745,299.76. The defendant bar filed a direct appeal on issues pertaining to sufficiency of evidence, and the plaintiff cross-appealed arguing that the trial court erred in apportioning damages between the bar and the defendant bar patron. The appellate court found no error and affirmed on all grounds.

With respect to the cross-appeal challenging apportionment of damages, Robrahn argued that the language of Michigan's Dramshop Act that allows a plaintiff to recover actual damages against a dramshop, when the unlawful sale of alcohol is a proximate cause of a plaintiff's injuries, M.C.L. § 436.1801(3), directly contradicts the MTRA provisions allowing apportionment of damages. The Michigan Court of Appeals found this argument to be meritless, explaining,

> The statutes do not expressly conflict. The dramshop act does not expressly address apportionment of damages at all. Plaintiff argues that MCL 436.1801(3) provides that plaintiff is allowed to recover all actual damages for which the intoxication was a proximate cause. However, the statute does not provide for a plaintiff to recover all actual damages *from the dramshop defendant*. The statute states "plaintiff shall have the right to recover actual damages." There is no provision in the statute that mandates that plaintiff has the right to recover all his damages from the dramshop defendant.

2006 WL 509772 at * 11.

The same is true in this case. As indicated, the statutes do not expressly conflict. Nor does the CPL provide for recovery of all damages for a wrongful death of a child whose abuse was not reported pursuant to the CPL from the non-reporter. The statute states only that "[a] person who is required by this act to report an instance of suspected

7

child abuse or neglect and who fails to do so is civilly liable for the damages proximately caused by the failure." M.C.L. § 722.633(1). This is substantially similar in all material respects to the Dramshop Act, which provides:

> [A]n individual who suffers damage or who is personally injured by a . . . visibly intoxicated person by reason of the unlawful selling, giving or furnishing of alcoholic liquor to the. . . visibly intoxicated person, if the unlawful sale is proven to be a proximate cause of the damage, injury or death. . . of that individual, shall have a right of action. . . against the person who by selling, giving, or furnishing the alcoholic liquor has caused or contributed to the intoxication of the person. . . .  In an action pursuant to this section, the plaintiff shall have the right to recover actual damages in a sum of not less than $50.00 in each case in which the court or jury determines that intoxication was a proximate cause of the damage, injury, or death.

M.C.L. § 435.1801(3).

The Michigan Court of Appeals found no basis under this language for bypassing the MTRA . As indicated, the Dramshop Act's language is substantially similar to the language in Section 13 of the CPL, M.C.L. § 722.633(1).

Plaintiff contends that if the MTRA is applied to CPL reporting violations, it would allow the non-reporter to hide behind the liability of the abuser rendering the CPL nugatory. This argument has been also been made, and rejected, in Dramshop Act actions. As the Michigan Court of Appeals found in *Robrahn,* it is entirely proper for the trier of fact to determine that both the dramshop owner and the perpetrator of the injury are at fault, and to apportion fault and damages accordingly. *See also*, *Weiss v. Hodge*, 223 Mich. App. 620, 567 N.W.2d 468 (1997) (holding that it was proper for the jury to apportion fault and to determine that the dramshop owner defendant was more liable than

the defendant who assaulted the plaintiff.)

For all of the foregoing reasons, the Court rejects Plaintiff's motion for reconsideration arguments.

The Court also declines to certify this matter for interlocutory appeal. This Court may certify an issue for interlocutory appeal only when (1) the order involves a controlling question of law; (2) a substantial difference of opinion exists regarding the correctness of the decision, *and* (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). The Court does not find these factors met in this case.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's August 15, 2008 "Motion for Reconsideration, Clarification and Certification for Interlocutory Appeal of Plaintiff's Motion for Partial Summary Judgment" **[Dkt. # 91]** is DENIED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: September 8, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 8, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager